```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re
          JAMES A. SCHROEDER                    11-11145 CLB

                    Debtor                      DECISION & ORDER
-----------------------------------------------------
JAMES A. SCHROEDER,

                    Plaintiff

          v.                                    AP 13-1026 CLB

HSBC BANK U.S.A., N.A.,

                    Defendant
-----------------------------------------------------
```

                Law Office of Peter D. Grubea
                Joseph E. DeMarco, Esq., of counsel
                482 Delaware Avenue
                Buffalo, New York 14202
                Attorney for Plaintiff

                Houser & Allison, APC
                Dustin P. Mansoor, Esq., of counsel
                60 E. 42nd Street, Suite 1148
                New York, New York 10165
                Attorneys for Defendant

Bucki, U.S.B.J.

        The defendant in this Adversary Proceeding has moved under Bankruptcy Rule 7012 and under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint on grounds of an absence of subject matter jurisdiction. The central issue is whether this court may exercise jurisdiction to determine the existence of a lien on property that the debtor acquired after the filing of a petition for relief under Chapter 13.

        The parties agree on the essential facts of this case. In January of 2006, James A. Schroeder borrowed $67,925 from Delta Funding Corporation. Contemporaneously with his execution of a note for this amount, Schroeder also gave to Delta a mortgage on his residence at 211 Mechanic Street in South Dayton, New York.

Thereafter, Delta assigned the note and mortgage to HSBC Bank, USA, N.A., as Trustee for the Registered Holders of Renaissance Home Equity Loan Trust 2006-1 (hereinafter referred to as "HSBC"). After Schroeder had neglected to pay the real property taxes for the property in South Dayton, the County of Cattaraugus initiated a tax foreclosure proceeding in 2010. Schroeder and HSBC did not oppose the foreclosure and made no attempt to cure any tax arrearage. A default judgment of foreclosure was then entered on March 23, 2011. In the Memorandum of Law filed in support of the motion to dismiss, counsel for HSBC concedes that a valid judgment of foreclosure would operate to transfer title to Cattaraugus County and to extinguish all outstanding liens, including the mortgage held by HSBC. *See Wisotzke v. Ontario County*, 409 B.R. 20 (W.D.N.Y. 2009), *aff'd*, 382 Fed. Appx. 99 (2nd Cir. 2010); *Johnson v. County of Chautauqua (In re Johnson)*, 449 B.R. 7 (Bankr. W.D.N.Y. 2011).

James A. Schroeder filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 6, 2011. Although Cattaraugus County had already completed its tax foreclosure, Schroeder filed schedules which asserted an interest in the property at 211 Mechanic Street. Then on or about April 29, 2011, the County accepted the sum of $10,015.99 as consideration for a reconveyance of the property to Mr. Schroeder. The County's deed to Schroeder was executed on May 24, 2011, and was recorded on June 7, 2011. Meanwhile, Schroeder also proposed a plan under Chapter 13, which this Court confirmed by Order dated December 15, 2011. Although the Plan contemplated payment of any allowed claim for mortgage arrears, no proof of claim was ever filed on behalf of HSBC. Then on May 24, 2013, the debtor commenced the present adversary proceeding in which he seeks judgment declaring that the mortgage of HSBC has been extinguished and is no longer a valid lien. In response, HSBC chose not to file an answer at this time, but has instead moved to dismiss the complaint.

HSBC contends that this court lacks subject matter jurisdiction to consider the present adversary proceeding. Specifically, it argues that because the tax

foreclosure had extinguished its mortgage interest, disputes regarding title are now moot. As to matters that are moot or otherwise resolved by state court, HSBC believes that the bankruptcy courts have no jurisdiction. We overrule this objection. An unquestioned entitlement does not render moot a proper request for such relief. The final judgment of tax foreclosure served only to determine the rights of the County, and not the interests of a subsequent purchaser. Although subsequent rights may flow from the prior foreclosure, no court has finally declared the competing rights of the prior mortgagee. Indeed, when he initiated the present action, the debtor had no basis to assume the absence of defenses to his claim of superior title. Cattaraugus County had conveyed its interest by quit claim deed, without any warranty of title. Further, the deed contained an affirmative covenant "to the effect that said Cattaraugus County shall in no event be or become liable for any defects in the title so conveyed for any cause whatsoever." To the extent of any defect in the foreclosure process, Schroeder would endure the resulting consequences, including whatever claim HSBC might assert with regard to the preservation of its lien. Within the chain of title, a recent foreclosure in rem suggests a potential title objection that a party might appropriately cure through an action to quiet title.[1] Essentially, the present adversary proceeding seeks this result. Accordingly, it addresses issues that remain outstanding and not moot.

Jurisdiction with regard to this adversary proceeding is proper under 28 U.S.C. § 157. Subdivision (b)(1) of this section states in relevant part that bankruptcy judges "may hear and determine all cases under title 11, and all core proceedings arising under title 11 . . . ." Subdivision (b)(2) then provides that core proceedings "include, but are not limited to . . . (K) determinations of the validity, extent, or priority of liens." Such is precisely the determination that the debtor seeks in the present instance.

---

[1] Cattaraugus County adjoins Erie County, where the Bar Association has adopted standards of title examination. These standards provide that "[i]nsurance of marketability of title may properly be required when less than ten(10) years have expired" since the recording of a Referee's Deed in an in rem tax foreclosure. BAR ASS'N OF ERIE CNTY. N.Y. STANDARDS OF TITLE EXAMINATION, standard 24, at 13-14 (rev. Dec. 31, 2006), *available at* http://www.eriebar.org/files/documents/BAEC%20Title%20Standards.pdf

Without benefit of a warranted title, Schroeder properly requests a judgment declaring the invalidity of a previously recorded mortgage.

Notwithstanding the provisions of 28 U.S.C. § 157(b), bankruptcy jurisdiction is subject to constitutional limitations that the Supreme Court identified in *Stern v. Marshall*, 564 U.S. ___, 131 S.Ct. 2594 (2011). "*Stern* made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2172 (2014). In determining the proper reach of jurisdiction, "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." 131 S.Ct. at 2618.

Section 541 of the Bankruptcy Code defines property of an estate to include "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1)(emphasis added). If this were the only relevant provision of the Code, we might have concern about any exercise of jurisdiction to resolve issues of title derived from the debtor's post-petition acceptance of a deed from Cattaraugus County. In the present instance, however, James A. Schroeder seeks relief under Chapter 13. In contrast to cases in other chapters, proceedings in Chapter 13 aim to address financial issues over the term of a confirmed plan. Consequently, in Chapter 13, the interests of a bankruptcy estate are enhanced by reason of 11 U.S.C. § 1306(a), which states in relevant part as follows:

> 'Property of the estate includes, in addition to the property specified in section 541 of this title (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first . . . ."

Although Cattaraugus County executed the deed to Schroeder only after the commencement of this case, any resulting interest became estate property.

In Chapter 13, a debtor aims to secure the resolution of claims and a settlement of rights in property. For this purpose, pursuant to the mandate of 11 U.S.C. § 1321, "[t]he debtor shall file a plan." Section 1322(b) of the Bankruptcy Code then provides that a plan may include a number of provisions, among which is the opportunity to "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). Schroeder would have no ability to access this right until he first determines whether a mortgagee of record is indeed the holder of a secured claim. In seeking a declaratory judgment on that issue, the present dispute stems from the bankruptcy itself. Therefore, under the standard of *Stern v. Marshall*, this court may properly exercise jurisdiction on the subject matter of the outstanding adversary proceeding against HSBC.

For the reasons stated herein, the defendant's motion to dismiss the adversary proceeding is denied. Accordingly, the defendant may now proceed to file an answer within the limitations of time as stated in Bankruptcy Rule 7012 and Rule 12(a)(4) of the Federal Rules of Civil Procedure.

So ordered.

Dated:        Buffalo, New York            /s/      CARL L.  BUCKI
              April 2, 2015                Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.